**Osmund McGOWEN, Appellant,**

v.

**Patricia R. HARRIS, Secretary of Health and Human Services, Appellee.**

No. 80–1557.

United States Court of Appeals, Fourth Circuit.

Submitted Feb. 3, 1981.

Decided Dec. 10, 1981.

Rehearing and Rehearing En Banc Denied Feb. 1, 1982.

---

Peter M. D. Martin, Dennis W. Carroll, Jr., Ethel Zelenske, Legal Aid Bureau, Inc., Baltimore, Md., on brief, for appellant.

Alice Daniel, Asst. Atty. Gen., Washington, D. C., Russell T. Baker, Jr., U. S. Atty., Randolph W. Gaines, Chief of Litigation, Stanley Ericsson, Dept. of Health and Human Services, Baltimore, Md., on brief, for appellee.

Before WIDENER and PHILLIPS, Circuit Judges, and RICHARD L. WILLIAMS, United States District Judge, sitting by designation.

JAMES DICKSON PHILLIPS, Circuit Judge:

Osmund McGowen challenges the district court's dismissal of his action under 42 U.S.C. § 405(g), in which he sought judicial review of the administrative denial of surviving child's insurance benefits under the Social Security Act (Act). The district court held that it lacked subject matter jurisdiction to consider the action because the Secretary of Health and Human Services (Secretary) had applied administrative res judicata to deny the claimed benefits. We hold, in disagreement with the district court, that jurisdiction existed to determine

whether the Secretary properly applied administrative res judicata or had reopened the claim, but we nevertheless affirm the dismissal because it was manifest on the record before the district court that administrative res judicata was properly applied and that the claim had not been administratively reopened.

## I

The course of proceedings leading to dismissal in the district court is as follows.[1]  In July 1965, claimant, through his mother, applied for surviving child's insurance benefits based on his entitlement as the surviving son of Boliver McGowen.  In support of this application, claimant presented evidence that Boliver McGowen had orally acknowledged claimant to be his son, that he had sent money for the support of claimant, and that he had paid the hospital bill of claimant's mother at the time she gave birth to claimant.  Claimant did not, however, present any evidence of written acknowledgement of paternity.

In February 1976, the Social Security Administration denied benefits to the claimant.  The Administration held that claimant had failed to establish that he was the "child" of McGowen pursuant to the requirements of the Act by showing either that Boliver McGowen had acknowledged in writing that claimant was his son; that he had been ordered by a court to support claimant; that he had been judicially decreed to be claimant's father; or that he had otherwise been shown to be claimant's father and was living with claimant or contributing to his support.  Claimant, who was not then represented by counsel, did not pursue his administrative remedies by seeking a reconsideration of this adverse determination.

In March 1978, claimant, through his mother and with the aid of counsel, filed a second application for benefits as the surviving child of Boliver McGowen.  The Administration denied this claim, finding that the 1976 determination applied because no new issues had been presented.  This time claimant sought reconsideration of the denial and presented further evidence that Boliver McGowen had orally acknowledged claimant to be his son.  The Administration again denied benefits to claimant on the ground that he had merely established that McGowen was his biological father while failing to present any new and material evidence showing regular and substantial contributions by McGowen for claimant's support.

Claimant requested and was granted a hearing before an administrative law judge in which he presented further evidence of open and notorious recognition by McGowen and regular and substantial contributions from McGowen to claimant's support.  He also presented evidence of written acknowledgement of paternity by McGowen.  In addition, he argued that under Maryland's intestate succession laws, which as the law of the child's domicile should be looked to under choice of law principles, he would be regarded as legitimate, and that, even if the law of Michigan—McGowen's domicile—were applied, the Michigan intestate succession statute, under which he would be regarded as illegitimate, was unconstitutional.  The administrative law judge issued a decision in which he concluded that claimant was the biological child of McGowen; that no new and material evidence had been submitted to show regular and substantial contributions from McGowen for claimant's support; and that, therefore, the Administration's previous decision to deny benefits was res judicata on the issue of claimant's entitlement to benefits.  The administrative law judge made no findings with respect to the other evidence or arguments submitted by claimant.

Claimant sought Appeals Council review, and the Appeals Council affirmed the ad-

---

1.  Because the Secretary refused and was not required by the district court to file a transcript of the administrative record in this case, we rely on the allegations of the complaint for the facts concerning the course of the administrative proceedings, taking them as true in passing on the validity of the district court's decision to dismiss the case.  *See, e.g., Johnson v. Mueller*, 415 F.2d 354 (4th Cir. 1969).

ministrative law judge's order of dismissal. In a letter to claimant's mother, which was attached to the complaint as an exhibit, the Appeals Council gave as a reason for its affirmance the conclusion that there was no evidence submitted on the issues of support or written acknowledgement "so new and material as to warrant a reopening of the prior determination." Moreover, the Appeals Council stated that the law of Michigan would be controlling on the issue whether claimant was "legitimate" so as to be entitled to benefits under the Act and that under Michigan law claimant could not establish his legitimacy.

Claimant then sought judicial review by complaint filed in district court, asserting jurisdiction under 42 U.S.C. § 405(g). In his complaint, claimant attacked as erroneous the Secretary's application of administrative res judicata to what he contended were facts and issues that had not been considered before. He then claimed that a review of these facts and issues on their merits would result in the conclusion that the Secretary's denial of benefits to him was not supported by substantial evidence.

The Secretary responded by filing a motion to dismiss and brief in support of that motion in which she argued that, because the Administration had denied claimant's second claim for benefits on the basis of administrative res judicata, the district court, under the Supreme Court's decision in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), was without jurisdiction to review that decision. Rather than responding to this motion to dismiss, claimant filed his own motion, supported by a memorandum, to compel the Secretary to file a transcript of the administrative record. The Secretary then filed a memorandum in opposition to claimant's motion to compel in which she argued that the court lacked the power to enter any coercive order against the Secretary, including an order to file a transcript, because it lacked jurisdiction over the subject matter.

The district court granted the Secretary's motion to dismiss, holding that the Secretary's determination of administrative res judicata deprived it of jurisdiction over the majority of issues raised in claimant's complaint. It found, however, that claimant's challenge to the constitutionality of Michigan's intestacy statute constituted an exception to the *Sanders* rule over which it did have jurisdiction. But the district court concluded that it need not reach this constitutional question because the Act provided means other than establishment of legitimacy by which a claimant might prove his entitlement to benefits.[2] This appeal followed.

## II

The fundamental issue here is the vexed, recurring one of the effect upon judicial review under 42 U.S.C. § 405(g) of the Secretary's application of administrative res judicata to deny a social security claim. The Secretary's position on this appeal seems to be the extreme one that, subject only to cases where a constitutional question related to the denial is raised, the Secretary's mere assertion in the district court that res judicata was applied conclusively establishes that the court lacks jurisdiction to engage in any judicial review. To the contrary, the claimant contends that the district court necessarily has jurisdiction to determine whether, as decisive of its jurisdiction to review on the merits, res judicata was in fact applied and, if so, whether it was properly applied. Beyond this, claimant contends that in order to make this jurisdictional determination, it is necessary that the administrative record be considered by the district court and that the court's refusal here to do so was consequently error requiring reversal and remand.

For reasons that follow, we agree with the claimant that when the Secretary challenges jurisdiction on this basis, the district court has jurisdiction to determine its own jurisdiction by examining the res judicata

2. Claimant has expressly waived on appeal the issue of the constitutionality of the Michigan intestacy statute. We therefore have no need to consider the district court's basis for rejecting it.

predicate, and that ordinarily this will require consideration of the administrative record, but we disagree that it was necessary here in order to affirm the Secretary's denial.

## A

Without attempting exhaustive analysis of the principal decisions of the Supreme Court and of this court that have addressed various aspects of the dispositive issue, we think that the following principles drawn from those decisions and from relevant statutes and regulations control decision here.

1. The combined effect of 42 U.S.C. § 405(g) and (h) is to establish a power in the Secretary to deny any social security claim on the basis that it has earlier been denied on the merits by a final administrative decision, i.e., to apply administrative res judicata in bar. *Easley v. Finch*, 431 F.2d 1351, 1353 (4th Cir. 1970).

2. An earlier administrative decision at any level in the adjudicative process may be final and therefore properly treated as preclusive of a subsequent claim either because the decision has been judicially affirmed or because administrative reconsideration, hearing, or review, or judicial review has not been timely sought. *Shrader v. Harris*, 631 F.2d 297, 300–01 (4th Cir. 1980); *Leviner v. Richardson*, 443 F.2d 1338, 1342 (4th Cir. 1971); *see also* 20 C.F.R. § 404.957(c)(1) (1981) (superseding 20 C.F.R. § 404.937(a) (1980)).

3. When, following any final administrative decision denying a claim on the merits a claimant files a subsequent claim, the Secretary may properly apply administrative res judicata in bar only if it is the "same" claim earlier denied. 20 C.F.R. § 404.957(c)(1) (1981) (superseding 20 C.F.R. § 404.937(a) (1980)). Whether it is the same claim must necessarily be determined according to general principles of res judicata respecting the scope of a claim for purposes of merger and bar as adapted to the social security claim context. *See Restatement (Second) of Judgments* § 61 (1980). Even though it is the same claim, the Secretary

may nevertheless, within time limits and for "good cause" shown, reopen the claim and consider it on the merits, with or without new evidence. 20 C.F.R. § 404.989 (1981) (superseding 20 C.F.R. § 404.958 (1980)).

4. Assuming that the same claim is involved, and unless a constitutional objection to applying res judicata is raised in the district court, *see, e.g., Shrader v. Harris*, 631 F.2d at 300, the district court is without jurisdiction under 42 U.S.C. § 405(g) to engage in judicial review either of a decision by the Secretary not to reopen the claim, *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Matos v. Secretary of Health, Education and Welfare*, 581 F.2d 282, 286–87 (1st Cir. 1978), or to apply administrative res judicata as a bar to it, *Teague v. Califano*, 560 F.2d 615, 618 (4th Cir. 1977).

5. On the other hand, if administrative res judicata has been applied in bar of a subsequent claim which, properly assessed, is not the same for res judicata purposes, jurisdiction to engage in judicial review exists. In that situation the subsequent claim is necessarily, in legal contemplation, a different one whose merits have never been addressed administratively. In consequence the Secretary's decision denying the claim was one as to which the claimant was *entitled* to a hearing and hence, to judicial review of the denial. *Cf. Califano v. Sanders*, 430 U.S. at 107–08, 97 S.Ct. at 985–86 (refusal to reopen not reviewable because no entitlement to hearing).

6. By the same token, even though the subsequent claim be the same claim for res judicata purposes, if it has nevertheless been reconsidered on the merits to any extent and at any administrative level, it is thereupon properly treated as having been, to that extent, reopened as a matter of administrative discretion under 20 C.F.R. § 404.989 (1981) (superseding 20 C.F.R. 404.-958 (1980)). In that event a final decision of the Secretary denying the claim is also subject to judicial review to the extent of

the reopening, without regard to the expressed basis for the Secretary's denial. *See Farley v. Califano*, 599 F.2d 606 (4th Cir. 1979).

◼ 7. From this it is evident that upon a challenge to its jurisdiction on the basis that administrative res judicata has been applied in bar of a claim, or that discretionary reopening of a previously denied claim has been denied, or both, the district court has jurisdiction to determine, as appropriate, whether res judicata has properly been applied, or whether, though res judicata might properly have been applied, the claim has nevertheless been reopened. *See Farley v. Califano*, 599 F.2d at 608 & n.4. In this the court simply exercises its inherent jurisdiction to determine its own jurisdiction. *Texas & Pacific Railway v. Gulf, Colorado & Santa Fe Railway*, 270 U.S. 266, 274, 46 S.Ct. 263, 265, 70 L.Ed. 578 (1927). If the court determines that jurisdiction exists either because administrative res judicata was not properly applied, or because the denied claim has been either formally or by legal implication reopened, it may then of course judicially review the Secretary's final decision denying the claim.

◼ 8. In order to make this jurisdictional determination, the district court must have before it a record sufficient to determine the scope of the successive claims for res judicata purposes, *see Farley v. Califano*, 599 F.2d at 608 & n.4; *Restatement (Second) of Judgments* § 61 (1980), or to determine whether the claim, though subject to administrative res judicata, has in fact been administratively reopened to any extent. This may well require that the entire administrative record be made a part of the district court record, but not necessarily. If the identity of claims or the fact of reopening is otherwise apparent as a matter of law from the district court record, the determination may of course be made on that basis.

◼ 9. The district court is obviously free to make its independent determination, subject to appellate review, of the jurisdictional questions, including the scope of suc-

cessive claims for res judicata purposes and whether a denied claim has been administratively reopened, without regard to any determinations or assertions by the Secretary respecting those matters.

### B

Applying these principles, we hold that the district court properly dismissed the action for lack of jurisdiction to review the Secretary's denial of the claim.

As indicated, this was the appropriate action if the Secretary's application of administrative res judicata was legally correct, and if the original claim was not administratively reopened by reconsidering it on the merits notwithstanding it may have been subject to res judicata. In turn, this depends upon whether the successive claims were the same for res judicata purposes. If they were not, res judicata could not properly be applied, and jurisdiction to review denial of the subsequent, and necessarily different, claim exists without regard to whether the original claim was administratively reopened. If they were the same claim, jurisdiction exists only if the original claim was administratively reopened by reconsidering it to some extent on the merits. As also indicated, it lay with the district court to make independent determination of these jurisdictional questions, subject of course to appellate review.

We conclude that on the record before the district court, and without need for recourse to the full administrative record, it appeared as a matter of law that (1) the successive claims were the same claim for res judicata purposes and (2) the original claim was not administratively reopened by considering it on the merits.

### (1)

◼ *Same claim.* From the record before the district court it conclusively appeared that, for res judicata purposes, claimant has advanced but one claim. This was a claim of entitlement under the Social Security Act to insurance benefits as the surviving dependent child of a particular insured wage earner, Boliver McGowen. *See* 42 U.S.C. §§ 402(d)(1), 416(e). In legal

contemplation this is a single claim. *See Restatement (Second) of Judgments* § 61 (1980). The unitary nature of the claim is not affected by the fact that following denial on the merits of the claim as originally presented, the claimant presented "new and material" evidence tending to establish that he was the wage earner's dependent natural child and new legal theories of dependency based upon the intestacy laws of two states (alternatively). *See Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979); *Restatement (Second) of Judgments* § 61, Comment c (1980); *id.* § 61.1(a), Comments b, d; *cf. Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977) (new and material evidence of a different claim).[3]

Since but a single claim was here involved and no constitutional objection to applying administrative res judicata in normal course was advanced, *cf. Shrader v. Harris*, 631 F.2d 297 (4th Cir. 1980) (denial of due process if claimant incompetent), the Secretary properly concluded that administrative res judicata lay to bar the claim's relitigation.

(2)

■ *Claim not reopened.* Notwithstanding that administrative res judicata might properly have been applied, jurisdiction still lay in the district court to review on the merits any aspect of the single claim that was reconsidered on the merits in exercise of administrative discretion. *See, e.g., Farley v. Califano*, 599 F.2d 606 (4th Cir. 1979). We are satisfied that no reconsideration on the merits occurred here, and that the district court accordingly lacked jurisdiction to review the Secretary's discretionary decision not to reopen. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

It might be contended that in addressing the claimant's "new" evidence of biological parentage through acknowledgement and of substantial support by the wage earner, and in addressing the claimant's "new" legal theories based upon the intestacy laws of Maryland and Michigan, the ALJ and the Appeals Council in legal effect, though not formally, reopened the claim, thereby exposing the Secretary's final decision to judicial review. We do not think that, properly assessed, this is the correct interpretation of the administrative actions.

Of necessity when a social security claimant presents any claim that is arguably the same one earlier denied on the merits, the Secretary must in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim, and if so, whether it should nevertheless be reopened as a discretionary matter. That the evidence offered is "new and material" may have significance on both points. If it is sufficiently "new" it may reveal the existence of a different claim, hence the inapplicability of res judicata. Or, though "new and material" it may nevertheless be revealed as going only to establish the same claim earlier denied, so that res judicata is legally available to bar its consideration on the merits. Finally, even if merely probative of the same claim, it may be sufficiently "new and material" that, considered with other factors, it justifies reopening the claim as a discretionary matter. *See* 20 C.F.R. § 404.989(a)(1) (1981).

In fairness to the claimant, the results of this threshold inquiry may be reported as a prelude to reporting the dispositive administrative action taken. *See* 20 C.F.R. § 404.-992(a) (1981). Thus, an ALJ may state in a formal decision, as here, that though the claimant had presented sufficient new evidence to establish biological parentage of the wage earner, his new evidence of dependency was not sufficiently "new and material" to warrant reopening and that it

---

**3.** *Teague v. Califano* presented a frequently recurring situation in which the same claim determination can be more difficult: a subsequent claim based on "new evidence" of exacerbation of an originally found disability for which benefits have been judicially terminated. We held in *Teague* that both the Secretary and the district court had correctly determined that administrative res judicata lay to bar relitigation of the termination decision, so that judicial review of that decision was precluded, but that jurisdiction lay to review the timely challenged rejection by the Secretary of the "new" claim of exacerbated disability.

went merely to establish the same claim for res judicata purposes. When, as here, this is followed by a specific conclusion that the claim should be denied on res judicata grounds, the threshold inquiry into the nature of the evidence should not be read as a reopening of this claim on the merits.

We think the same assessment is proper in respect of the Appeals Council's letter to the claimant's mother explaining the basis of its affirmance of the ALJ's dismissal on res judicata grounds and its determination that the evidence newly proffered did not justify reopening.[4] This cannot properly be treated as a consideration of that evidence on its merits, hence a reopening of the claim such as we found in *Farley v. Califano.* On only one basis could the Appeals

Council's decision be considered to have reopened the claim on the merits. This was its stated conclusion that the Michigan intestacy law would control the question of claimant's legitimacy, hence dependency, and that it would not support the claim. If judicial review of this determination had been pursued, we are not prepared to say that jurisdiction to consider it would not have existed. We need not consider that possibility, however, since claimant has expressly abandoned this theory as a subject for judicial review. *See* note 2, *supra.*

### III

■ Because on a proper assessment of the record before it [5] the district court could

---

4. This letter—included as part of the district court record—fully embodied the formal decision of the Appeals Council, denominated as "Action of Appeals Council on Request for Review." In its critical parts this final administrative decision concluded (a) that there "is no basis under the [controlling] regulations for granting [the] request for review"; (b) that Michigan law would control in respect of dependency by intestacy and that it could not support the claim; (c) that "good cause" had not been shown for reopening the claim; and (d) that "no substantial evidence . . . of support or of any written acknowledgment" had been submitted to it; and on this basis *decided* that "the hearing decision [by the ALJ] stands as the final decision of the Secretary in your case."

The ultimate administrative decision is therefore revealed to be that the ALJ's decision "stands as the final decision of the Secretary." Though the full text of the ALJ decision was not a part of the record upon which the district court dismissed on jurisdictional grounds, the critical operative elements of that decision were before the district court and are before us in the form of claimant's allegation of their substance in his complaint (prepared by counsel) seeking judicial review. As there alleged, the ALJ's decision (a) concluded that though claimant was the son of the wage earner "as proven in the prior application," (b) "no new and material evidence had been submitted showing regular or substantial contribution . . . for [claimant's] support, so that (c) "the issues were therefore res judicata and should not be inquired into again."

The upshot of the Appeals Council decision, as sufficiently revealed on the record before the district court, was therefore (1) to affirm the ALJ's decision to apply res judicata, and (2) to decide that reopening of the claim by the Ap-

peals Council was not warranted for "good cause" because there was not "substantial evidence" submitted of wage-earner support or acknowledgment. Aside from the Appeals Council's determination respecting Michigan law's application, its decision is thus conclusively revealed as a discretionary refusal to reopen and a determination to apply administrative res judicata in bar of the claim (by affirming the ALJ's decision so to do).

5. While we have held that the full administrative record was not needed here to make the dispositive jurisdictional determination, we observe that this will not ordinarily be the case, particularly with respect to the question whether a claim may have been reopened in legal effect, though not formally. Accordingly, we observe that in challenging jurisdiction, as here, the Secretary's better practice would be routinely to file a copy of the administrative record to aid in making the jurisdictional inquiries here discussed. *See* 20 C.F.R. § 404.-951(b) (1981). Certainly fair appellate review of the jurisdictional determination would always be enhanced. No waiver of jurisdictional objections could of course be implied from providing the administrative record.

We are justified in this case in our reliance on the allegations of the complaint to piece out the administrative proceedings by the fact that the decision of the ALJ was as readily available to the claimant as to the Secretary, yet the document itself was not exhibited. Thus, we do not suppose the ALJ's decision is at variance with the allegations of the complaint, so that we may properly construe the decision of the Appeals Council as finding a failure of evidence to justify reopening and not a failure of evidence to support the proposition contended for by the claimant. *See* note 4, *supra.*

properly have concluded[6] that administrative res judicata was properly applied by the Secretary and that the Secretary had not reopened the claim so as to expose its denial to judicial review, we affirm dismissal of the action for lack of jurisdiction.

AFFIRMED.

---

**6.** We observe that the actions of the ALJ and the Appeals Council here were not calculated to make the jurisdictional determination an easy one. It would be helpful to the courts in making the jurisdictional determinations that are forced by the Secretary's administrative res judicata and reopening decisions if those decisions were clearly expressed and justified as such in the administrative proceedings. Particularly difficult, if not clearly expressed, is the question whether in addressing "new evidence" and "new legal theories" advanced by a claimant, the Secretary is merely assessing their res judicata implications or their possible justification for reopening a claim, or is considering them on the merits, and thereby, in legal effect, reopening the claim.