Emma S. BROOME, Plaintiff,

v.

Margaret M. HECKLER, Secretary, United States Department of Health and Human Services, Defendant.

No. C–C–82–662–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

May 5, 1983.

George L. Fitzgerald, Charlotte, N.C., for plaintiff.

Clifford C. Marshall, Asst. U.S. Atty., Asheville, N.C., for defendant.

## ORDER

McMILLAN, District Judge.

This case was heard on April 14, 1983, on parties' cross motions for summary judgment. Both parties were represented by counsel.

Plaintiff seeks judicial review of the Secretary's denial of her most recent application for disability insurance benefits on the ground of administrative *res judicata*. 42 U.S.C. § 405(g).

Plaintiff's first two applications for benefits were filed in 1973 and 1974; both requests were denied and plaintiff did not ask for reconsideration. Plaintiff filed her third application on April 18, 1977. After a hearing on July 13, 1978, the administrative law judge found that plaintiff had not been disabled on or before March 31, 1978, the time through which she met the special earnings requirement. The Appeals Council upheld that decision on August 16, 1978, and no further appeal was taken.

On September 25, 1981, plaintiff filed her eighth application and, for the first time, was represented by counsel. Like the intervening applications, the last application was summarily denied by the Secretary on the ground of administrative *res judicata*. 20 C.F.R. 404.957(c)(1).

■ As a general rule, the district court has no jurisdiction under 42 U.S.C. § 405(g) to review either (1) a decision by the Secretary not to reopen a claim; or (2) a decision to apply administrative *res judicata* as a bar to a claim. *McGowen v. Harris,* 666 F.2d 60, 65 (4th Cir.1981). The district court does have authority, however, to (1) determine whether or not it has jurisdiction by examining the scope of the successive benefit claims; (2) review decisions in which the Secretary, as a matter of discretion, reopens the matter of entitlement to benefits; and (3) review constitutional objections to the application of administrative *res judicata* to particular claims. *McGowen v. Harris,* 666 F.2d at 65.

■ To determine whether or not it has jurisdiction, the district court must have a sufficient record to determine the scope of the successive claims. *McGowen v. Harris,* 666 F.2d at 66; *Farley v. Califano,* 599 F.2d 606, 608, n. 4 (4th Cir.1979). Although the Secretary provided the decisions of the administrative law judge relating to Ms. Broome's third and eighth applications, she failed to provide the entire administrative record. In particular, she did not provide the court the claim forms and medical records on which those two decisions were based. Without this information, the court can not conclusively determine the scope of each claim.

■ Moreover, the plaintiff appeals the denial of benefits on her eighth application on the ground that the Secretary reopened the entire case in the review of the new evidence, and the decision is therefore subject to judicial review. Without the entire record, the court is unable to determine whether the legal effect of the Secretary's review of the new evidence was to reopen the claim. The Secretary must necessarily be able to look "far enough into the proffered factual and legal support to determine whether it is the same claim, and if so, whether it should necessarily be opened as a discretionary matter." *McGowen v. Harris,* 666 F.2d at 67. Without the previous medical records, however, this court can not determine the nature and scope of the Secretary's inquiries into the new medical evidence.

In *McGowen v. Harris,* the Fourth Circuit explicitly observed:

... in challenging jurisdiction, as here, the Secretary's better practice would be to routinely file a copy of the administrative record to aid in making the jurisdictional inquiries here discussed. See 20 C.F.R. § 404.951(b) (1981). Certainly fair appellate review of the jurisdictional determination would always be enhanced.

666 F.2d at 68, n. 5.

■ Plaintiff further appeals the denial of benefits on the ground that she did not receive meaningful notice and opportunity to be heard regarding the summary denial of her request for a hearing on the issue of reopening the case. Plaintiff argues that she should have been allowed to review the file and to brief the issue of new and mate-

rial evidence bearing on the administrative law judge's discretionary decision on whether or not to reopen the case. See 20 C.F.R. 404.989.

In *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Supreme Court notes the proper method of determining whether administrative procedures are constitutionally sufficient:

> [I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335, 96 S.Ct. at 903.

The private interest affected by summary *res judicata* dismissal of all subsequent applications, without meaningful notice or opportunity to be heard, is the possible erroneous deprivation of social security benefits, the need for which may be compelling. There is an inherent risk of error in *ex parte* proceedings. *See Shrader v. Harris,* 631 F.2d 297, 301 (4th Cir.1980). While plaintiff did receive a hearing on her third application for benefits, she was not represented. Her counsel, after reviewing the file, may find either reasons to reopen or material aspects of new evidence that were not discovered by the administrative law judge in his summary denial of her claim on *res judicata* grounds. Allowing counsel to read the file and brief the issue would place practically no burden, administrative or financial, on the Secretary. Rather, the added input could simplify the administrative law judge's tasks and, in any event, would lead to a more considered decision on whether or not to apply administrative *res judicata.*

This court agrees with Judge Aguilar who, when confronted with a similar case, found that:

Plaintiff should have been provided the opportunity to have presented or prepared something in writing for the ALJ to consider in reaching his decision to apply res judicata. Furthermore, plaintiff should have been allowed to review the file and ascertain what documents he thought to be "new and material" evidence before that ALJ decided that there was no new and material evidence.

*Kapp v. Schweiker,* 556 F.Supp. 16 at 22 Unemployment Insurance Reports (CCH) § 14,089 at 2099–2 (D.C.Cal.1981).

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The decision of the Secretary is vacated and the case remanded with instructions to let plaintiff's attorney review the file and brief the issue of the application of *res judicata* to the plaintiff's claim.

2. If, after consideration of plaintiff's additional arguments, the Secretary again finds that administrative *res judicata* bars plaintiff's claim, and the plaintiff appeals, the Secretary shall file the entire administrative record with the court, so that a conclusive determination of the jurisdictional issues may be made.

3. The parties' cross motions for summary judgment are DENIED.