Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

Leonard CLOVER, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. 82–2641.

United States District Court,
W.D. Pennsylvania.

July 14, 1983.

OPINION and ORDER

TEITELBAUM, Chief Judge.

Plaintiff, Leonard Clover, brought this action under 42 U.S.C. § 405(g) seeking review of a final decision that Mr. Clover was not disabled prior to February 19, 1981.

Mr. Clover alleges that he became disabled in December of 1977 in an industrial accident. He first applied for disability benefits in October of 1979. This application and reconsideration petitions were denied. A second application was filed in May of 1980. This application was denied on July 23, 1980. In May of 1981, Mr. Clover filed a third application. As in his previous petitions he alleged that he became disabled in December of 1977. This application was initially denied. However, after a hearing, an Administrative Law Judge determined that Mr. Clover had become permanently disabled by February 19, 1981. There is no dispute that since February 19, 1981 Mr. Clover has been permanently disabled. Rather, the issue is wheth-

er the Secretary's decision that Mr. Clover was not disabled prior to February 19, 1981 is supported by substantial evidence.

■ Before turning to the question of whether the decision that Mr. Clover was not disabled prior to February 19, 1981 was supported by substantial evidence, it is first necessary to consider the complications created by the final denial of the two earlier applications for benefits. In *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Supreme Court held that a decision by the Secretary not to reopen an earlier claim was not subject to judicial review absent assertion of a constitutional claim. Thus if the Secretary declines to reopen an earlier denial, there is no avenue for judicial review. If however the Secretary does reopen a claim, then judicial review extends to the entire claim. See *McGowen v. Harris,* 666 F.2d 60, 66 (4th Cir.1981).

■ Thus to determine the extent of this Court's jurisdiction, it is necessary to determine if the Secretary reopened the earlier claims. In his most recent application Mr. Clover asserted that he had new and material evidence which would support his claim that he first became disabled in December of 1977. If the Secretary reopened the denial of the earlier claims then this Court has jurisdiction to consider whether the Secretary's decision that Mr. Clover was not disabled during periods covered by earlier denials, from December 15, 1977 through July 23, 1980, was supported by substantial evidence. If the Secretary did not reopen the earlier denials then this Court is without jurisdiction to determine if the Secretary's decision that Mr. Clover was not disabled prior to July 23, 1980 is supported by substantial evidence. Finding number four of the Administrative Law Judge (see Transcript at 24), which was adopted by the Secretary through action of the Appeals Council, tersely but clearly indicates that the earlier claims were not reopened. Thus the Court is without jurisdiction to determine whether Mr. Clover became disabled prior to July 23, 1980.

■ The Court does have jurisdiction to determine whether the Secretary's decision that Mr. Clover was not disabled during the period from July 24, 1980 through February 18, 1981 was supported by substantial evidence. Mr. Clover contended that he had become disabled by exertional and non-exertional limitations. The decision of the ALJ reflects that in determining the date of onset of disability only the exertional limitations were considered. (See Transcript of Record at 24). In ignoring the evidence of non-exertional limitations, the Secretary has failed to consider whether this evidence warranted a finding that Mr. Clover had become disabled at some time prior to February 19, 1981. Because the evaluation of evidence is a task to be performed by the Secretary and not the Court, this case will have to be remanded to the Secretary to determine whether Mr. Clover was disabled by non-exertional limitations or a combination of exertional and non-exertional limitations prior to February 19, 1981.

An appropriate order will issue.