**John T. PEACOCK, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. C83–915A.**

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 6, 1984.

---

William D. Mallard, Jr., Atlanta, Ga., for plaintiff.

Barbara Tinsley, Asst. U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This Social Security appeal is before the Court on the Secretary's motion to dismiss. The Secretary contends that this Court lacks jurisdiction over plaintiff's appeal, and that plaintiff fails to state a claim upon which relief can be granted, because there

has been no "final decision of the Secretary" that is subject to judicial review under section 205(g) of Title II of the Social Security Act, 42 U.S.C. § 405(g).

## ADMINISTRATIVE HISTORY

Plaintiff John T. Peacock first filed an application for disability insurance benefits on November 10, 1977, alleging inability to work since July 26, 1977, due to a back injury and mental impairment. That application was denied initially on November 30, 1977, and no request for reconsideration was filed. Subsequently, plaintiff filed applications for disability insurance benefits and for supplemental security income on May 31, 1978. These applications were also denied initially on August 1, 1978, and upon reconsideration on December 11, 1978. On December 13, 1978, plaintiff requested a hearing before an Administrative Law Judge. Following the hearing, in a decision dated March 11, 1980, the ALJ found plaintiff disabled as of September 6, 1979. However, since the ALJ also determined that plaintiff had last met the special earnings requirements for disability purposes on June 30, 1979, plaintiff was found eligible for supplemental security income but not entitled to a period of disability or to disability insurance benefits. Plaintiff did not appeal this decision, and it therefore became the final decision of the Secretary.

Plaintiff filed a third application for disability benefits on November 26, 1980, which was denied on the basis of res judicata by notice of February 5, 1981. No appeal was initiated.

Finally, on November 17, 1981, plaintiff filed the application for disability benefits that is the subject of the instant appeal. This application was initially denied on the basis of res judicata on December 8, 1981, and upon reconsideration on April 27, 1982. Plaintiff then requested a hearing, which was held on October 5, 1982. Plaintiff testified at this hearing and submitted new evidence in the form of hospital records regarding hospitalizations from March 16–24, 1980, and January 1–8, 1979. The ALJ found that the records of plaintiff's hospitalization in March 1980 were immaterial to the issue of disability at any time on or before June 30, 1979, the date plaintiff last met the special earnings requirement. As to the records covering plaintiff's hospitalization in January 1979, the ALJ found this evidence to be merely cumulative of evidence originally presented at plaintiff's prior hearing. The ALJ concluded that plaintiff's hearing request involved the same party, the same facts, and the same issues as those finally decided in the prior determination of March 11, 1980. Accordingly, by an order dated October 25, 1982, he dismissed plaintiff's request for hearing on grounds of *res judicata* pursuant to 20 C.F.R. § 404.957(c)(1).

Upon receipt of the ALJ's decision, plaintiff filed a timely request for review with the Appeals Council. That request was denied on March 18, 1983. Plaintiff then filed the instant action on May 5, 1983, seeking reversal of the Secretary's decision and an award of Social Security disability benefits. Subsequently, on August 17, 1983, the Appeals Council vacated its previous denial of plaintiff's request for review and re-opened the ALJ's dismissal order for the purpose of correcting certain technical errors. However, the Appeals Council re-affirmed its agreement with the ALJ's ultimate conclusions and adopted the order of dismissal as modified.

## DISCUSSION

The applicability of administrative res judicata to bar successive identical claims for Social Security benefits is well settled. Under 42 U.S.C. § 405(g) and (h) the Secretary may deny any claim on the basis that it has earlier been denied on the merits by a final administrative decision. *See, e.g., Easley v. Finch*, 431 F.2d 1351, 1353 (4th Cir.1970). However, even where res judicata is applicable to a claim, the Secretary may, within time limits and for good cause shown, reopen the previous decision and reconsider it on the merits. 20 C.F.R. §§ 404.987–404.989.

■ Assuming that the same claim is involved, the district court is without jurisdiction under 42 U.S.C. § 405(g) to review a decision by the Secretary either not to reopen a claim, *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), or to apply administrative res judicata as a bar to it. *See Teague v. Califano*, 560 F.2d 615, 618 (4th Cir.1977). However, the district court does have jurisdiction to determine the threshold question whether res judicata has been properly applied, or whether, though res judicata might properly have been applied, the claim has nevertheless either formally or by implication been reopened. *McGowen v. Harris*, 666 F.2d 60, 66 (4th Cir.1981).

■ Plaintiff in the instant case does not dispute that the claim for disability benefits made in his application of November 17, 1981, for which he now seeks judicial review, is identical to the claim made in his application dated May 31, 1978, for which the ALJ's decision of March 11, 1980, became the final decision of the Secretary. In any event, the record presently before the Court conclusively establishes that plaintiff has advanced but one claim.

The argument that plaintiff raises instead, in opposition to the Secretary's motion to dismiss, is that his claim should have been reopened because (1) he furnished "new and material evidence" in support of the claim, and (2) the evidence that was considered in making the original decision to deny his claim "clearly shows on its face that an error was made." 20 C.F.R. § 404.989(a)(1) and (3). This argument, however, asks the Court to do precisely what *Califano v. Sanders, supra*, held that it has no jurisdiction to do, *i.e.*, to review the merits of the Secretary's decision not to reopen plaintiff's claim.

Given that plaintiff is asserting the same claim that was earlier denied, the Court's inquiry is limited to whether the claim was nevertheless reopened, either formally or by legal implication, since jurisdiction would lie to review "any aspect of the single claim that was reconsidered on the merits in exercise of administrative discre-

tion." *McGowen, supra*, 666 F.2d at 67. Turning then to this inquiry, the Court notes that here, as in *McGowen*, the ALJ engaged only in a threshold inquiry into the nature of plaintiff's new evidence and expressly concluded that the claim should be denied on *res judicata* grounds. The Court agrees with the *McGowen* opinion that such a threshold inquiry "should not be read as a reopening of this claim on the merits." 666 F.2d at 68.

■ Nevertheless, although administrative res judicata was properly applied by the Secretary in the instant case, and the Secretary did not reopen plaintiff's claim, judicial review will not be barred where plaintiff asserts a *constitutional* objection to the application of res judicata:

Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.... [W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the "extraordinary" step of foreclosing jurisdiction unless Congress' intent to do so is manifested by " 'clear and convincing' " evidence.

*Califano v. Sanders*, 430 U.S. at 109, 97 S.Ct. at 986 (citations omitted).

In a supplemental brief filed December 13, 1983, plaintiff contends that the Secretary's dismissal of the hearing request on his current application constituted a denial of due process, because at the time of the adverse decision on his previous application, plaintiff's mental condition prevented him from understanding the administrative appeals process. Plaintiff relies on *Shrader v. Harris*, 631 F.2d 297, 301 (4th Cir. 1980), where the court held that

when mental illness precluded a pro se claimant from understanding how to obtain an evidentiary hearing after ex parte denial of his application for benefits, ... the summary dismissal on res judicata grounds of his motion for a hearing with respect to a subsequent application de-

prive[d] that claimant of property without due process of law.

The *Shrader* case, however, is distinguishable from the instant case. In *Shrader* the pro se claimant's failure to seek an evidentiary hearing after the denial of his original claim provided the basis for the administrative ruling that res judicata barred the right to a hearing on his subsequent claim. Utilizing the due process analysis of *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the court noted that application of res judicata in these circumstances would forever bar the claimant from obtaining a hearing on the merits of his claim, and that the risk to the claimant of an erroneous deprivation of benefits "is the risk of error inherent in the differences between an ex parte proceeding and a hearing." 631 F.2d at 301. The court concluded that due process "prohibit[s] the Secretary from summarily invoking the doctrine of res judicata when a claimant presents prima facie proof that mental illness prevented him from understanding the procedure necessary to obtain an evidentiary hearing after the denial of his prior pro se claim." *Id.* at 302.

In the instant case, however, plaintiff was both represented by counsel and afforded an evidentiary hearing on the claim whose denial was subsequently found by the Secretary to be res judicata. It was only after the ALJ's adverse decision following an evidentiary hearing that plaintiff failed to pursue his further right of appeal to the Appeals Council, thus rendering the ALJ's decision final. This failure, however, even if due to plaintiff's mental condition, did not deprive plaintiff of a full and fair hearing on his claim.

As the *Shrader* court itself expressly noted: "Our opinion applies solely to claimants afflicted by mental illness whose initial claims, *presented pro se, were denied ex parte.*" 631 F.2d at 302 (emphasis added). Unlike Shrader, plaintiff in the instant case received a full and fair hearing on his initial claim while represented by counsel. Because his subsequent claim effectively

restated that prior claim, it was not a due process violation to deny a second hearing.

Accordingly, there being no constitutional infirmity in the Secretary's application of administrative res judicata in the instant case, and the Court otherwise lacking subject matter jurisdiction to review the Secretary's action, plaintiff's complaint is hereby DISMISSED.