**Lucille GROSS, Plaintiff,**

v.

**Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 81–238–MAC.**

United States District Court, M.D. Georgia, Macon Division.

Jan. 11, 1984.

---

Paul E. Kauffmann, Columbus, Ga., for plaintiff.

Frank L. Butler, III, Asst. U.S. Atty., Macon, Ga., for defendant.

OWENS, Chief Judge:

Plaintiff appeals from the final decision of the Secretary denying her application for disability benefits under the Social Security Act. For the reasons which follow this court must remand plaintiff's claim to the Secretary.

The plaintiff has pursued two sets of applications, hearings, and appeals before the Secretary. Plaintiff's first request for benefits was made on July 28, 1978. Her application was denied, and she thereafter proceeded *pro se* before an Administrative Law Judge (ALJ). The plaintiff in her first appearance established that she suffered a myocardial infarction in 1976, and was discharged with a diagnosis of arteriosclerotic heart disease, acute cardiac arrhythmia, paroxysmal arterial tachycardia and anginal syndrome. Plaintiff also established that she suffered from diabetes and vertigo in association with Meniere's disease. However, arguably because she was uncounseled, plaintiff failed to produce sufficient evidence of disability and diminished earning capacity. The ALJ thus denied her application. Plaintiff appealed to the Appeals Council but review was denied. No judicial review was pursued. Instead, plaintiff obtained the services of legal and other professional representation. A new application was filed and a second hearing requested. A hearing was granted by an ALJ and plaintiff's claim was presented by

counsel. The ALJ at this second hearing agreed to consider all of the medical evidence adduced at the first hearing in conjunction with new evidence submitted in this second hearing. Based upon all of the evidence thereby established the ALJ found plaintiff disabled and entitled to benefits. Although the ALJ considered evidence from the first hearing, he refused to characterize plaintiff's first application as having been "reopened." He therefore found that, although entitled to benefits, plaintiff's "onset date" of eligibility commenced only at the end of the proceedings relative to her first application.

The plaintiff disagreed with the ALJ's refusal to make her eligibility retroactive to the date of her first application and appealed to the Appeals Council. The Appeals Council ruled that the ALJ's refusal to reopen plaintiff's first application precluded consideration of all evidence established at the first hearing. Therefore, looking only to the evidence established at the second hearing (and excluding all evidence relative to the myocardial infarction, arteriosclerotic heart disease, tachycardia, angina, and Meniere's disease) the Council found no cardiovascular abnormality or tachycardia, and only "dizziness." Based upon the exclusion of this evidence the Council found no evidence of disability and reversed the ALJ.

The plaintiff appeals to this court claiming that the Secretary erred in excluding evidence adduced at the first hearing. The Secretary counters that a refusal to reopen a prior application on the ground of administrative *res judicata* is unreviewable in this court, citing *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The issues before this court are whether the doctrine of *res judicata* precludes review, and, if not, whether the Appeals Council erred in rejecting evidence established at plaintiff's first hearing.

### Conclusions of Law

■ The provisions of 42 U.S.C. § 405(g) and (h) combine to establish a power in the Secretary to deny any social

security claim on the basis that it has earlier been denied on the merits by a final administrative decision. As a general rule, where the Secretary has applied this doctrine of "administrative *res judicata*," a federal court is without jurisdiction to review this decision. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Hensley v. Califano,* 601 F.2d 216 (5th Cir.1979). However, in the context of this action, the following caveats apply to this general rule. Where the Secretary has asserted the claim of administrative *res judicata* as a bar to judicial review of its actions, as the Secretary has done here, a federal court has jurisdiction to determine whether *res judicata* has properly been applied. *McGowen v. Harris,* 666 F.2d 60, 66 (4th Cir.1981). This is simply a form of a court's inherent jurisdiction to determine its own jurisdiction. *Id., see Texas & Pacific Ry. v. Gulf, Colorado & Santa Fe Ry.,* 270 U.S. 266, 274, 46 S.Ct. 263, 265, 70 L.Ed. 578 (1927). In determining whether the Secretary has properly applied *res judicata,* the court must determine if the Secretary adhered to the rule that *res judicata* may bar consideration of the claim at issue only if it is the "same" claim earlier denied in a prior, final administrative decision. *McGowen,* 666 F.2d at 65; 20 C.F.R. § 404.957(c)(1) (1981). "Whether it is the same claim must necessarily be determined according to general principles of res judicata respecting the scope of a claim for purposes of merger and bar as adapted to the social security context." *McGowen,* 666 F.2d at 65. As will be developed below, this court finds that the Appeals Council erred when it concluded, for purposes of administrative *res judicata,* that plaintiff's second application raised the same claim presented in her first application. Having improperly applied *res judicata,* the court has jurisdiction to review the actions of the Appeals Council.

In the social security context, administrative *res judicata* prevents re-litigation of legal conclusions drawn from previously litigated facts. In the instant action the legal conclusion derived from the plaintiff's first application was that, based upon her then existing physical condition, she was forever barred from asserting a claim for benefits during the time period for which she sought benefits in that first application. But the underlying medical facts of plaintiff's life have not changed. At the time of her second application plaintiff was still suffering from severe cardiovascular and other diseases. The ALJ recognized this, and rather than requiring plaintiff formally to re-prove these facts, he simply adopted the medical evidence adduced at the first hearing. This evidence, in conjunction with evidence of diminished earning capacity produced at the second hearing, caused the ALJ to find plaintiff presently disabled within the definitions of the Social Security Act—a finding which this court finds supported by substantial evidence. Properly applying administrative *res judicata,* the ALJ ruled that plaintiff's onset date of eligibility arose after the termination of the proceedings in her first application. To this extent, plaintiff's claim was not the "same" claim asserted in her previous application, as a different period of disability was at issue.

On appeal, the Appeals Council misconstrued the effect of administrative *res judicata.* The Appeals Council applied the doctrine so as to preclude plaintiff from proving the then existing medical facts of her life. Under the Appeals Council's ruling, the Council pretended as if plaintiff's myocardial infarction and other impairments had never occurred. This was simply an erroneous application of a legal principle. As noted, administrative *res judicata* in a social security context operates to prevent re-litigation of legal conclusions from previously litigated facts. The only legal conclusion drawn from the facts of plaintiff's first claim was that she was not entitled to benefits *at that time.* No conclusion was ever made that plaintiff had not in reality suffered the cardiovascular and other impairments proved at her first hearing, yet this absurd suggestion is the very conclusion the Appeals Council adopted in reversing the ALJ.

Since plaintiff was awarded benefits only for a period arising *after* the termination of her first claim, the claim upon which the ALJ found disability was not the same claim as asserted previously. *Res judicata* was applicable only insofar as to preclude an award for a time period within that first claim. The doctrine had no effect upon the physical existence (as opposed to legal effect) of evidence established at the first proceeding which continued throughout the proceedings in plaintiff's subsequent and separate claim. This result was approved in the similar case of *Huneycutt v. Gardner*, 282 F.Supp. 405 (M.D.N.C.1968). In *Huneycutt*, the claimant had filed a previous application which was formally denied on May 26, 1961. He filed a subsequent claim asserting the previously raised heart impairment. In holding that plaintiff should prevail on his subsequent claim, the court correctly ruled upon the effect of *res judicata* on the evidence adduced in the claimant's first application and the appropriate onset date:

> Since the plaintiff took no further action with respect to the Examiner's decision of May 26, 1961, denying his application of December 9, 1959, the Secretary correctly held that 'the issues arising within the effective period of said application have thereby become *res judicata*, to the extent that the applicable law has remained unchanged.' This does not affect the admissibility of all the evidence with respect to plaintiff's serious heart condition which has existed continuously since March 26, 1959, but will only serve to deny the plaintiff disability insurance benefits before May 26, 1961.

*Id.* at 413.

Having determined that the Appeals Council erroneously applied the doctrine of *res judicata* when it refused to consider evidence developed in plaintiff's first application, this court must reject the conclusion of the Council that plaintiff was not properly found disabled by the ALJ. Accordingly, the July 30, 1981, decision of the Appeals Council is hereby VACATED and REMANDED, and the Appeals Council is hereby DIRECTED to adopt the August 29, 1980, award of the ALJ.