42 F.3d 1387
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ervin E. VANCE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health And Human Services,
Defendant-Appellee.
 No. 94-1463.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 3, 1994.
Decided Dec. 23, 1994.
 
 Rose A. Cyrus, Huntington, WV, for Appellant.
 Charlotte Hardnett, Chief Counsel, Region III, Dorothea J. Lundelius, Division Chief, Margaret J. Krecke, Assistant Regional Counsel, Office of the General Counsel, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Philadelphia, PA; Rebecca A. Betts, United States Attorney, Carol A. Casto, Assistant United States Attorney, Charleston, WV, for Appellee.
 Before RUSSELL and HALL, Circuit Judges, and WILLIAMS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Ervin Vance appeals the district court's order upholding the decision of the Secretary of Health and Human Services (Secretary) to apply administrative res judicata and deny Vance's application for disability insurance benefits. We affirm.
 
 I.
 
 2
 Vance was born on May 30, 1944, and has a seventh grade education. He worked as a supply motorman in the coal mining industry from 1969 to 1972 and as an ambulance owner/operator from 1972 to 1983. He first applied for disability insurance benefits on October 25, 1985, alleging that he had been disabled since November 1983 because of a back injury, a nervous condition, ulcers, tendinitis of the shoulder, a hernia, and a numb leg. This claim was denied initially on February 3, 1986, and on reconsideration on June 26, 1986.
 
 
 3
 Vance requested and was granted a hearing before an administrative law judge (ALJ). On October 13, 1987, the ALJ denied Vance's application for benefits, which became the final decision of the Secretary when the Appeals Council denied Vance's request for a review on February 10, 1988. Vance filed a civil action in the United States District Court for the Southern District of West Virginia, which remanded the case to the Secretary.
 
 
 4
 On October 17, 1989, an ALJ issued a recommended decision finding that Vance was not disabled before December 31, 1988, the date when his disability insured status expired. On March 11, 1991, the Appeals Council adopted the ALJ's decision, making it the final decision of the Secretary. Vance requested judicial review of the postremand decision; and on January 23, 1992, the district court adopted a Magistrate Judge's report that recommended affirming the Secretary's decision. Neither party had filed objections to the Magistrate Judge's report and Vance did not appeal the district court's order.
 
 
 5
 On March 10, 1992, Vance filed his current application for disability insurance benefits, which was denied initially and on reconsideration. On June 8, 1992, he filed a request for a hearing before an ALJ and changed the date for the onset of his disability to November 15, 1983, the same date alleged in the earlier-denied claim. On October 29, 1992, Vance submitted medical records to the ALJ, which had not been presented with his first claim, concerning visual impairment of his left eye. These records included the office notes of Dr. Robert E. O'Connor, which showed that Vance had a cataract of the left eye that was surgically corrected in August 1984. On November 23, 1992, the ALJ found that the new evidence was not material and dismissed Vance's request for a hearing on the basis of res judicata. On February 8, 1993, the Appeals Council denied Vance's request for review of the dismissal.
 
 
 6
 Vance sought judicial review of the Secretary's dismissal in the district court. A Magistrate Judge issued a report recommending that the court grant the Secretary's motion to dismiss Vance's claims. The district court adopted the Magistrate's report on March 17, 1994, over objections filed by Vance.
 
 II.
 
 7
 The Secretary may properly apply administrative res judicata to bar a claim only if it is the same as a claim denied earlier. McGowen v. Harris, 666 F.2d 60, 65 (4th Cir.1981). When claims are the same, district courts lack jurisdiction under 42 U.S.C. Sec. 405(g) to review the Secretary's decision to apply administrative res judicata unless a constitutional objection is raised. Id. Because Vance did not raise a con stitutional objection to the Magistrate Judge's report, the district court only had to determine whether the two claims were the same.*
 
 
 8
 The ALJ reviewed the medical records submitted by Vance and concluded that even though they represented new information of Vance's condition prior to the expiration of his insured status, this evidence was not material. The ALJ noted that Vance had not previously submitted evidence of visual impairment contributing to his alleged disability, perhaps because the records indicate that he has near normal vision in his right eye. The ALJ concluded that Vance's current claim involved the same facts, issues, and party as the earlier claim and was thus barred by res judicata.
 
 
 9
 The district court performed its own review of the record before the court and concluded that the identity of Vance's claims was apparent as a matter of law. In addition to the reasons stated by the Secretary, the court noted that Vance did not mention a visual problem in his current complaint filed with the district court and that his attorney had somewhat downplayed the significance of Vance's alleged visual problems. See Memorandum Order 8-9, Mar. 17, 1994. The court held that it lacked jurisdiction to review the Secretary's decision because Vance's current claim was the same as his previous claim.
 
 
 10
 We conclude that the district court conducted a proper inquiry under McGowen and that the record supports the Secretary's decision to apply administrative res judicata to Vance's current claim. We dispense with oral argument because the facts and legal contentions are adequately before the Court and argument would not aid in the decisional process. The judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 *
 The Secretary also treated Vance's current application as an implied request for reopening the Secretary's initial determination in 1986 of Vance's first claim. The district court concluded that Vance's first claim was not subject to reopening under 20 C.F.R. Secs. 404.988-89. Because Vance did not file his application until more than six years after the previous decision and did not raise any constitutional challenges, we affirm the district court's finding that Vance's first claim was not subject to reopening