**David T. PINNT, Plaintiff,**

v.

**Shirley CHATER, Commissioner of Social Security, Defendant.**

**No. Civ.A. 96–K–2547.**

United States District Court,
D. Colorado.

Sept. 27, 1999.

Mary Franoes McCracken, Elder & Phillips, P.C., Grand Junction, CO, for plaintiff.

Thomas L. Strickland, United States Attorney, Robert D. Clark, Assistant U.S. Attorney, Denver, CO, for defendant.

## MEMORANDUM ORDER

KANE, Senior District Judge.

In December, 1997, I awarded David T. Pinnt disability benefits for the period September 1, 1990 through February 19, 1993.

By Notice of Award dated September 20, 1998, Pinnt received benefit payment for the period November 1992 through April 1993. The Notice states in pertinent part:

> Your benefit payments can begin no earlier than one year before the month in which your claim was filed. Although it has been established that your disability began on 10/01/1990, your first month of entitlement to benefits is 11/1992 because the Administrative Law Judge made his decision based on the claim you filed on 11/25/1993.

Pinnt's Request for Reconsideration was not addressed for seventh months. Only after two written requests for information, the Social Security Administration denied the request. The June 11, 1999 denial letter interprets my December 1997 decision and the pursuant judgment as mandating payment only from November 1992 based on the fact that I did not expressly use the term "reopen" in the order.

### Background.

The history of Pinnt's applications may be summarized as follows. He filed an application for disability benefits on November 24, 1989 which was heard in September 1990. By decision dated October 16, 1990, Pinnt was awarded a closed period of disability from November 1989 through September 1990. After attempting to return to work, Pinnt found that his disability continued. (R. at 50, 53, 56, 57, 65, 70, 196).

On December 1, 1993, Pinnt filed a second application for a closed period of disability from September 1990 through February 1993. (R. at 30–33.) An ALJ heard this application at a November 16, 1994 hearing at which Pinnt was not represent-

ed by counsel. Pinnt did not expressly request reopening of the November 24, 1989 application. The application and fact of ongoing disability was, however, discussed at the hearing. (R. at 195, 196.) Moreover, references to a continuing disability and his prior application are replete in the record. (R. at 50, 53, 56, 57, 65, 70.)

By decision dated January 9, 1995, the ALJ denied Pinnt's claim, stating, "based on the application filed December 1, 1993, the claimant is not entitled to a period of disability and disability insurance benefits following the period of disability previously granted...." (R. at 24.) The ALJ's decision does not address the issue of reopening.

Pinnt appealed the ALJ's decision which appeal ultimately resulted in my order awarding benefits for the period September 1, 1990 through February 19, 1993.

*Implied Reopening.*

Pinnt argues he impliedly requested a reopening of his November 24, 1989 request for benefits when he filed his second application to include the period September 1, 1990 through February 19, 1993 and by virtue of the documents and forms associated with that application and the evidence heard at the November 16, 1994 hearing.

In *Taylor v. Heckler*, 738 F.2d 1112 (10th Cir.1984), the Tenth Circuit determined that the holding of an evidentiary hearing by the ALJ, in which testimony was taken, exhibits received, arguments made, and a formal decision rendered, constituted in itself a de facto reopening. *Id.* at 1115. The *Taylor* court stated: " '[B]y reviewing the case on its merits and considering the additional evidence submitted in support of the plaintiff's claim, the ALJ in effect permitted a reopening of the prior proceedings.' " *Id.* (quoting *Brown v. Heckler*, 565 F.Supp. 72, 74 (E.D.Wis. 1983)).

Similarly, the Fourth and Eighth Circuits have held under certain circumstances a claim will be treated as impliedly reopened and therefore will be subject to review. *McGowen v. Harris*, 666 F.2d 60 (4th Cir.1981) held, although the Secretary's decision not to reopen cannot be challenged except on constitutional grounds, under certain circumstances a claim will be treated as reopened and therefore will be subject to review. *Id.* at 65–66. The *McGowen* court held that if a claim has been considered on the merits to any extent at any administrative level, it is properly treated as having been, to that extent, reopened as a matter of administrative discretion. In that event, a final decision of the Secretary denying the claim is subject to judicial review to the extent of the reopening. *McGowen*, 666 F.2d at 65–66. The *McGowen* court stated, even if administrative res judicata is applicable, the district court has jurisdiction to review on the merits any aspect of the single claim that was reconsidered on the merits in the exercise of administrative discretion. *Id.* at 67.

The Eighth Circuit adopted the same stance in *Jelinek v. Heckler*, 764 F.2d 507 (8th Cir.1985). Citing *McGowen*, it held a claim which has been reconsidered on the merits is treated as having been reopened by administrative discretion. Consequently, the final decision of the Secretary denying such a claim is also subject to judicial review to the extent it has been reopened. *Jelinek*, 764 F.2d at 508.

I find no support or authority of any kind for the Social Security Administration's gormless position that my order should have "specifically state[d] that it was reopening the prior closed period determination and awarding benefits based on the November 24, 1989 application."

*Conclusion.*

I find the ALJ effectively reopened Pinnt's earlier claim by holding a full hearing and by considering documents in the record and evidence relating to the period September 1990 through February 1993 as part of the process of assessing Pinnt's December 1, 1993 claim. Therefore, I had jurisdiction to review the merits of the Commissioner's decision insofar as it reopened the earlier claim and adjudicated

both that and the December 1, 1993 claim. For the aforesaid reasons,

IT IS ORDERED THAT the Motion to Enforce Order and Judgment is GRANTED; and

IT IS FURTHER ORDERED THAT Defendant's Motion under Rule 60(b)(6) Fed.R.Civ.P. is DENIED; and

IT IS FURTHER ORDERED THAT the Social Security Administration is directed to pay David T. Pinnt disability benefits for the period September 1, 1990 through February 1993 pursuant to and in accordance with the Memorandum Decision on Appeal and the December 29, 1997 judgment.