**Adiego AMATO, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 88 CV 2905.**

United States District Court, E.D. New York.

June 14, 1990.

Adiego Amato, pro se.

Thomas A. Carr, Asst. U.S. Atty. (Andrew J. Maloney, U.S. Atty., E.D.New York), for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action brought under section 205(g) of the Social Security Act, as amended (the "Act"), 42 U.S.C. § 405(g), to review a final determination of the Secretary of Health and Human Services (the "Secretary"), denying plaintiff's application for disability insurance benefits. Plaintiff seeks reversal of the Secretary's decision and an award of disability benefits. The Secretary moves for a judgment affirming his final determination.

## PROCEDURAL HISTORY

On August 24, 1970 plaintiff filed an application for disability insurance benefits,

alleging disability beginning November 5, 1969. On January 6, 1972 an Administrative Law Judge (the "ALJ") denied plaintiff's applications (Tr. 159). On June 2, 1972 the Appeals Council dismissed plaintiff's request for a hearing because it was not filed within 60 days of the ALJ's decision (Tr. 161).

On July 13, 1972 plaintiff filed a second application for disability benefits. The claim was denied initially, but upon reconsideration plaintiff was granted benefits beginning July 31, 1972.

Plaintiff then obtained a hearing before an ALJ for reconsideration of the disability onset date. On February 5, 1975 the ALJ denied plaintiff's request for an earlier onset date, citing the *res judicata* effect of the Secretary's first decision for the period prior to January 6, 1972. In addition, the ALJ considered the issue of disability *de novo*, and concluded that plaintiff was not disabled between January 6, 1972 and June 30, 1973, plaintiff's last date of insured status for disability.[1] This decision led to termination of the benefits awarded on July 31, 1972.

On September 2, 1976 the Appeals Council remanded the case to an ALJ to consider whether any payments made to plaintiff should be recovered (Tr. 14). On September 24, 1976 the ALJ affirmed the denial of disability benefits and waived any recovery of unwarranted payments (Tr. 11). On February 14, 1977 the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 6).

On April 14, plaintiff filed an action in the United States District Court for the Eastern District of New York. On July 7, 1980 the District Court remanded the case to the Secretary for further proceedings.

On February 25, 1981 an ALJ again found plaintiff not entitled to disability benefits for the period from January 6, 1972 to June 30, 1973 (Tr. 292). On April 28, 1981 the Appeals Council adopted the ALJ's decision (Tr. 278).

On April 23, 1987 plaintiff filed a third application for disability benefits, alleging disability beginning November 5, 1969 (Tr. 120). This application was denied initially and on reconsideration.

On November 18, 1987 plaintiff requested a hearing before an ALJ. On April 29, 1988 the ALJ concluded that the doctrine of *res judicata* precluded a reopening of plaintiff's disability claim. This conclusion became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on August 14, 1988.

## DISCUSSION

■ In cases involving subsequent disability applications, where the claimant's application presents the same issues as determined in a previous application, the Secretary treats the new application as a request for a reopening of the prior determination or decision. 20 C.F.R. §§ 404.987–404.989. In this case, no hearing was held because the Secretary determined that administrative *res judicata* precluded a reopening of plaintiff's prior benefits claims.[2]

Section 205 of the Act, 42 U.S.C. § 405, is the exclusive avenue of judicial review for Social Security claimants. *See Heckler v. Ringer*, 466 U.S. 602, 617–19, 104 S.Ct. 2013, 2022–24, 80 L.Ed.2d 622 (1984). Section 205 provides that:

> [a]ny individual, after any final decision of the Secretary *made after a hearing* to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days ... 42 U.S.C. § 405(g) (emphasis added).

■ The Secretary's refusal to reopen a prior claim for benefits is not a "final deci-

---

1. Because insured status is a prerequisite to an award of disability insurance benefits, it is irrelevant for disability insurance benefit purposes that plaintiff may have become disabled after June 30, 1973.

2. Administrative *res judicata* has gained full recognition in the courts. *See United States v. Utah*

*Constr. & Mining Co.*, 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1559–60, 16 L.Ed.2d 642 (1966). *Res judicata*, or claim preclusion, refers to the preclusive effect of a judgment in barring relitigation of the same cause of action. *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 80–82, 104 S.Ct. 892, 895–96, 79 L.Ed.2d 56 (1984).

sion of the Secretary made after a hearing" within the meaning of section 405(g). *See Califano v. Sanders,* 430 U.S. 99, 107–08, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1976); *Latona v. Schweiker,* 707 F.2d 79, 81 (2d Cir.1983); *Cappadora v. Celebrezze,* 356 F.2d 1, 4–5 (2d Cir.1966). When there has been no hearing, as in the instant case, this Court has no jurisdiction to review a final decision of the Secretary unless a colorable constitutional issue is presented. *Califano,* 430 U.S. at 108, 97 S.Ct. at 985; *Christopher v. Secretary,* 702 F.Supp. 41, 42–43 (N.D.N.Y.1989). This limitation of jurisdiction "is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims." *Califano,* 430 U.S. at 108, 97 S.Ct. at 986.

■■■ This Court does, however, have the threshold jurisdiction necessary to determine its own jurisdiction—meaning jurisdiction exists to determine whether the ALJ properly invoked administrative *res judicata. See Purter v. Heckler,* 771 F.2d 682, 689–91 (3rd Cir.1985); *McGowen v. Harris,* 666 F.2d 60, 67 (4th Cir.1981); *De-Leon v. Secretary,* 687 F.Supp. 320, 321–22 (W.D.Mich.1987). The doctrine of *res judicata* is properly applied to deny a benefits claim when the claimant has had a previous disability determination on the same facts and issues, and such determination has become final by either administrative or judicial action. 20 C.F.R. § 404.957(c)(1).

■■■ In his third application for disability benefits plaintiff alleged the same medical facts and impairments found not disabling in the ALJ's second decision (exhibit 11). The ALJ's second decision became final when the time for plaintiff to seek judicial review expired. Therefore, I conclude that the ALJ properly invoked administrative *res judicata* to bar a hearing on and reopening of plaintiff's disability benefits claim.[3]

■ I also conclude, however, that the Secretary should have explained to plaintiff

the requirements for receiving Supplemental Security Income ("SSI") benefits and provided plaintiff an opportunity to apply for them. It is not fair that plaintiff, now 64 years old, has not had consideration of what he describes as a worsening medical condition since 1972.

The Secretary's own regulations provide that an applicant for disability benefits will be instructed on the requirement's for SSI benefits, and given a chance to apply for them, if it appears the applicant might be disabled. *See* 20 C.F.R. § 416.350 (1989). In light of the Secretary's prior finding of disability in this case, this much was required.

### CONCLUSION

Accordingly, the Secretary's denial of plaintiff's disability benefits claim is affirmed. The case, however, is remanded to the Secretary so that it may be determined if and when plaintiff qualified for SSI benefits. Further, in remanding this case I remind the Secretary of his obligation to assist the *pro se* plaintiff in developing the administrative record.

SO ORDERED.

---

circumstances exist in this case. Further, because plaintiff's present claim duplicates his second claim, the ALJ's application of *res judicata* without a hearing did not deprive plaintiff's right to due process of law. *See Rogerson v. Secretary,* 872 F.2d 24, 29 (3rd Cir.1989).