Joseph TOLBERT, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

No. 81 C 1732.

United States District Court, N. D. Illinois, E. D.

April 7, 1982.

Joseph Tolbert, pro se.

Eileen Marutzky, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Joseph Tolbert ("Tolbert") seeks review of a decision by the Secretary of Health and Human Services ("Secretary") denying Tolbert disability benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 423. Secretary has moved under Fed.R.Civ.P. ("Rule") 12(b)(1) to dismiss for lack of subject matter jurisdiction. For the reasons stated in this memorandum opinion and order, Secretary's motion is granted.[1]

### Administrative Proceedings

Tolbert has filed five applications for disability benefits, all of which have been denied:

(1) Tolbert's February 10, 1971 application was denied by an administrative law judge ("ALJ"). His request for review was denied by the appeals council.

---

1. Tolbert filed his petition pro se. While this Court's policy is normally to appoint counsel for all pro se litigants, it did not do so here because subject matter jurisdiction is clearly lacking. Nonetheless the Court gave careful consideration to all possible arguments to insure that Tolbert was not placed at a disadvantage by his lack of counsel.

(2) Tolbert's January 11, 1973 application was denied by an ALJ. Again his request for review was denied by the appeals council.

(3) Tolbert's August 17, 1976 application was denied initially and upon reconsideration. Tolbert did not request a hearing before an ALJ.

(4) Tolbert's July 1979 application was denied initially and upon reconsideration. Tolbert requested a hearing but an ALJ dismissed that request on res judicata grounds.

(5) Tolbert's June 16, 1980 application was denied initially and upon reconsideration. Once again Tolbert's request for a hearing was dismissed by an ALJ on res judicata grounds. Tolbert's request for review was denied by the appeals council.

Tolbert now invokes 42 U.S.C. § 405(g) to review the denial of his fifth application.[2] This is the first time Tolbert has sought judicial review of an administrative denial of his application for disability benefits.

*Res Judicata*

Under 42 U.S.C. § 405(g) and (h) this Court can review only final decisions by the Secretary. When the Secretary has once denied an application for disability benefits and a second like application is presented, he has the following options:[3]

20 C.F.R. 404.957: *Dismissal of a Request for a Hearing*—An administrative law judge may dismiss a request for a hearing under any of the following conditions:

\* \* \* \* \* \*

(c) the administrative law judge decides that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because—

(1) the doctrine of *res judicata* applies in that we have made a previous deter-

mination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action. . . .

20 C.F.R. 404.987: *Reopening and Revising Determinations and Decisions —*

(a) *General.* Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review. However, a determination or a decision made in your case may be reopened and revised. After we reopen your case, we may revise the earlier determination or decision.

ALJs held that Tolbert's last two applications presented the identical claim that had been made in his earlier applications and were thus barred by administrative res judicata. Though Tolbert submitted new evidence on each occasion, the ALJs examined the evidence and found nothing that merited reopening the case. Secretary claims those rulings are not final decisions subject to federal court review.

■ Secretary's determination that a claim is barred by res judicata and his companion decision not to reopen a case are indeed not final decisions open to district court review. *Davis v. Schweiker,* 665 F.2d 934, 935 (9th Cir. 1982); *Rios v. Secretary of HEW,* 614 F.2d 25, 26 (1st Cir. 1980); *Hensley v. Califano,* 601 F.2d 216 (5th Cir. 1979); *Carney v. Califano,* 598 F.2d 472, 474 (8th Cir. 1979). But that proposition does not necessarily end the inquiry.

Secretary would have this Court dismiss any proceeding in which he had dismissed an application on res judicata grounds.[4]

---

**2.** As to each of the four earlier applications, the statutory time period for seeking judicial review has run.

**3.** On August 5, 1980 the applicable regulations were amended. Because the changes do not in any way affect Tolbert's petition, for convenience this opinion will refer to the new provisions.

**4.** This case does not involve the well established exception that judicial review is available when a constitutional claim is raised. *See, Califano v. Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977).

This Court finds more persuasive the thoughtful approach of the Fourth Circuit in *McGowen v. Harris,* 666 F.2d 60 (4th Cir. 1981). Because a court always has "jurisdiction to determine its own jurisdiction" (*id.* at 64), this Court would abdicate that responsibility by responding in a purely Pavlovian way to the Secretary's statement that res judicata applied. For that reason *McGowen* specified two instances in which a district court can review Secretary's refusal (a) to grant a hearing on the basis of res judicata and (b) to exercise discretion to reopen the proceeding:

(1) Courts must retain the power to determine whether application of res judicata was appropriate. If not "the subsequent claim is necessarily, in legal contemplation, a different one whose merits have never been addressed administratively. In consequence Secretary's decision denying the claim was one to which the claimant was *entitled* to a hearing and hence, to judicial review of the denial." *McGowen,* 666 F.2d at 65 (emphasis in original).

(2) If the later claim is the same for res judicata purposes but Secretary nonetheless reconsiders the merits of any substantive matter to any extent, Secretary will be deemed effectively to have reopened the matter. "In that event the final decision of the Secretary denying the claim is also subject to judicial review to the extent of the reopening, without regard to the expressed basis for the Secretary's denial." *Id.* at 65–66.

Although Secretary has not provided a complete copy of the administrative record, the documents supplied with his motion provide a sufficient basis for determining whether the res judicata findings were appropriate.[5] Tolbert's disability earnings requirements expired September 30, 1976.[6]

Accordingly both his July 1979 petition and his June 16, 1980 petition pose the question of his disability on or before that expiration date. Both ALJs who reviewed those petitions held he was pursuing precisely the same claim. Both carefully examined the new medical evidence submitted by Tolbert and found it insufficient to merit reopening his case. Neither branch of the *McGowen* exceptions is therefore met, 666 F.2d at 66–68.

*Conclusion*

Tolbert's June 16, 1980 petition for disability benefits was denied by Secretary on the ground of administrative res judicata. Because that finding was proper, Secretary's action was not a final decision subject to review in this Court. Accordingly Secretary's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is granted.

5. Those documents—exhibits plus the affidavit of the Chief of Branch Two of the Division of Civil Actions, Richard Pietrowicz—are clearly matters outside of Tolbert's pleading. That would technically render this a motion for summary judgment. But given the facts that this Court always can examine its jurisdiction and that the documents plainly show absence of jurisdiction, the documents will be considered.

6. This is the date referred to in the ALJ order of dismissal on the fourth petition, while the order on the fifth petition refers to "his insured status [having] ended March 31, 1976." Nothing hinges on the specific date, because the res judicata principle is the same in all events.