Otha GRAY, Plaintiff,

v.

NORTHERN INDIANA PUBLIC SERVICE COMPANY, Defendant.

No. S86–222.

United States District Court, N.D. of Indiana, South Bend Division.

Jan. 15, 1988.

John Beck, Fort Wayne, Ind., for plaintiff.

Frederick H. Link, Peter L. Hatton, Hammond, Ind., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

On December 29, 1987, the court appointed attorney John Beck to represent plaintiff Otha Gray. This memorandum supplements that order of appointment.

Plaintiff Otha Gray's complaint alleges discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The court referred Mr. Gray's motion for appointment of counsel to Magistrate Robin D. Pierce for a report and recommendation. 28 U.S.C. § 636(b)(1)(B). In his report submitted to this court on January 12, 1987, Magistrate Pierce recommended that the court appoint counsel to represent Mr. Gray.

Defendant Northern Indiana Public Service Company ("NIPSCO") filed an objection to the magistrate's recommendation. In support of its objection, NIPSCO filed, in addition to their memorandum of law, a document entitled "Position Statement of Northern Indiana Public Service Company", which appears to have been filed with the Equal Employment Opportunity Commission ("EEOC"), and the affidavit of Gary W. Pottorff (who is identified as NIPSCO's Assistant Manager of Personnel). These documents were not before the magistrate when he entered his recommendation, but Mr. Gray has not commented upon them.

In his report and recommendation, Magistrate Pierce properly considered the factors set forth in *Darden v. Illinois Bell Telephone Co.*, 797 F.2d 497, 500–501 (7th Cir.1986): (1) the merits of the plaintiff's claim; (2) the plaintiff's diligence in attempting to obtain an attorney; and (3) the plaintiff's financial ability to retain counsel. These three factors are not formal requirements, but are "ingredients in the total mix of relevant information which should guide the discretion of the district court". *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1310 (5th Cir.1977).

The parties do not dispute the magistrate's findings on the latter two factors mentioned in *Darden*. Mr. Gray's filings and his answers at the status conference of January 8, 1987 demonstrate his diligence in his attempts to retain a lawyer and his financial inability to retain counsel. Thus, the sole issue now in controversy is whether Mr. Gray's action has sufficient merit to warrant appointment of counsel.

After considering Mr. Gray's written statement on the merits of the action, Mr.

Gray's complaint, and a document produced by Mr. Gray entitled "Decision of Arbitration", the magistrate found that the parties dispute the facts pertaining to the incident that gave rise to Mr. Gray's discharge of employment. That finding, in combination with the findings of diligence and indigency, was the basis of the his recommendation.

■ Pursuant to 28 U.S.C. § 636(b), federal district courts review a magistrate's recommendations *de novo*. While a magistrate's findings should not be disturbed unless they are clearly erroneous or contrary to law, *Muhich v. Allen*, 603 F.2d 1247, 1251 (7th Cir.1979), district courts are not limited to the record before the magistrate. In this circuit, district courts must satisfy themselves "that the recommended actions are fair and proper by receiving additional evidence or conducting a full review". *United States v. Frans*, 697 F.2d 188, 191–92 n. 3 (7th Cir.), *cert. denied* 464 U.S. 828, 104 S.Ct. 104, 78 L.Ed.2d 107 (1983); *citing as examples United States v. Raddatz*, 447 U.S. 667, 673–76, 100 S.Ct. 2406, 2411–12, 65 L.Ed.2d 424 (1980); *Muhich*, 603 F.2d at 1251.

NIPSCO now objects to the magistrate's determination relating to the merits of Mr. Gray's Title VII claim. NIPSCO contends that no automatic right to appointment of counsel exists in Title VII litigation, but rather that the statute demands broad discretion. Proper exercise of that discretion, according to NIPSCO, requires denial appointment of counsel because Mr. Gray's action is without merit. NIPSCO contends that its position statement filed with the EEOC rebuts Mr. Gray's complaint point-by-point, clearly demonstrating that Mr. Gray was not terminated because of his race or color. NIPSCO also asserts that the affidavit of its Assistance Manager of Personnel and Human Relations demonstrates that NIPSCO did not terminate Mr. Gray following the arbitrator's reinstatement; instead, Mr. Gray abandoned his job by failing to accept reassignment.

■ NIPSCO correctly asserts that there is no unqualified right or presumption in favor of appointment of counsel in a Title VII case; § 706(f) of Title VII, 42 U.S.C. § 2000e–5(f)(1), establishes that the decision to appoint an attorney to represent a plaintiff without charge is within the discretion of the district court. However, when it is clear that a Title VII plaintiff has been diligent in attempting to retain a lawyer and has proven both that he is indigent and that some factual disputes between the parties exist, the court retains discretion to deny a motion for appointment of counsel. *See Arnold v. Speedgrip Chuck, Inc.*, 524 F.Supp. 679 (N.D.Ind. 1981).

Although some courts require the plaintiff to demonstrate that his claim has obvious merit, *McIntyre v. Michelin Tire Corp.*, 464 F.Supp. 1005, 1008 (D.S.C.1978), this court is unwilling to adopt such a stringent standard. However, the court must inquire into the merits of the action before appointing counsel. *Darden*, 797 F.2d 497.

■ The merits of Mr. Gray's complaint depend upon the resolution of disputed factual issues surrounding his discharge. Due to this factual dispute, court concludes that the most appropriate present resolution is to appoint an attorney for Mr. Gray to investigate the merits of the action independently of the court and the defendant. *See Darden*, 797 F.2d 497 (district courts have a continuing affirmative duty to elicit from a Title VII plaintiff a rebuttal of the defendant's version of the merits of the complaint).[1]

Therefore, the court hereby adopts the magistrate's report and recommendation regarding appointment of counsel to represent plaintiff Otha Gray.

SO ORDERED.

---

1. In this regard, the court notes that Mr. Gray has not responded to the newest evidence sub-mitted by NIPSCO in support of its objections to the magistrate's report.