**Rosalind KRIZAN, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security Administration, Defendant.**

No. 1:98–CV–96.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Feb. 11, 1999.

Mark A. Garvin, Dawn R. Westfield, Barnes and Thornburg, Fort Wayne, IN, for Plaintiff.

Rosalind Krizan, Bluffton, IN, pro se.

Deborah M. Leonard, United States Attorneys Office, Fort Wayne, IN, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

WILLIAM C. LEE, Chief Judge.

On July 17, 1998, and in accordance with 28 U.S.C. § 636(b)(1)(B) (Federal Magistrate's Act), and N.D. Ind. L.R. 72.1(d), this court entered an order referring this case to Magistrate Judge Roger Cosbey for a Report and Recommendation on the issues related to Plaintiff, Rosalind Krizan's ("Krizan"), complaint filed on March 26, 1998. In that Complaint, Krizan seeks judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Defendant, Kenneth S. Apfel, Commissioner of Social Security ("the Commissioner"), to dismiss her claim for disability insurance benefits ("DIB"). Thereafter, on July 7, 1998, the Commissioner filed a motion to dismiss Krizan's complaint for lack of subject matter jurisdiction. On November 24, 1998, after full briefing by the parties was completed, Magistrate Judge Cosbey issued his Report and Recommendation, recommending that Krizan's complaint be dismissed. Specifically, Magistrate Judge Cosbey recommended that the court enter a finding that the Commissioner's motion to dismiss be granted and that Krizan's complaint be dismissed for lack of subject matter jurisdiction.

The parties were advised that, pursuant to § 636(b)(1)(C) of the Federal Magistrate's Act, they had ten days after being served with a copy of the Report and Recommendation to file written objections with the Clerk and that failure to object may constitute a waiver of objection on appeal. On December 9, 1998, Krizan filed her objections to the Magistrate's Report and Recommendation. The Commissioner did not respond.

Having reviewed Magistrate Judge Cosbey's Report and Recommendation, and Defendant's response and objections to the report, the court ADOPTS the Magistrate's Report and Recommendation and GRANTS the Commissioner's Motion to Dismiss for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

Federal district courts review a magistrate's recommendations de novo and may adopt or reject the magistrate's report in accordance with their findings upon review. 28 U.S.C. § 636(b); *Borowski v. DePuy, Inc.*, 850 F.2d 297 (7th Cir.1988); *Gray v. Northern Indian Public Service Co.*, 685 F.Supp. 695 (N.D.Ind.1988); *Martin v. Bowen*, 651 F.Supp. 1334 (N.D.Ind.1987). The de novo standard does not require the district court to conduct hearings or request additional evidence; careful consideration of the record as developed by the magistrate may suffice for the court's determination. *U.S. v. Glenna*, 878 F.2d 967 (7th Cir.1989); *U.S. v. Hardin*, 710 F.2d 1231 (7th Cir.1983), cert. denied 464 U.S. 918, 104 S.Ct. 286, 78

L.Ed.2d 263 (1983). District courts generally defer to a magistrate's report and do not disturb the magistrate's findings unless they are clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); *Muhich v. Allen,* 603 F.2d 1247, 1251 (7th Cir.1979); *Gray v. Northern Indian Public Service Co.,* 685 F.Supp. at 697. If the district court finds a problem, it may take additional evidence, call witnesses, or remand to the magistrate judge for further development. *Raddatz,* 447 U.S. at 675, 100 S.Ct. 2406. But if following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may, in its discretion, treat those findings as its own. *Id.* at 676, 100 S.Ct. 2406.

### PROCEDURAL HISTORY

The court adopts in full, the Magistrate's findings with respect to the procedural posture of this case. However, for clarity, the court will incorporate these findings in the present order.

Krizan filed an application for DIB on August 16, 1993, in which she stated that she became unable to work due to a disabling condition on December 2, 1988. The Commissioner denied this application initially on November 5, 1993, and again on reconsideration on March 25, 1994. Pursuant to Krizan's request, a hearing was held before an Administrative Law Judge ("ALJ") on July 20, 1995. The ALJ found Krizan not disabled in a decision dated October 5, 1995, and Krizan did not request a review of that ruling. Thus, the ALJ's October 5, 1995 decision stands as the Commissioner's final ruling on Krizan's first application for DIB. Krizan did not seek judicial review of that decision.

Krizan filed a second application for DIB on April 4, 1996, in which she again stated that she became unable to work due to a disabling condition on December 2, 1988. The Commissioner denied this application initially, and again on reconsideration on August 5, 1996. Krizan requested a hearing before an ALJ on the denial of her second DIB application and supplied new evidence, but the ALJ dismissed her request because the new evidence did not demonstrate "good cause" for reopening her first DIB application under 20 C.F.R. § 404.988. Accordingly, the ALJ found that *res judicata* applied to her second DIB application under 20 C.F.R. § 404.957(c)(1). The ALJ understood Krizan's second DIB application to be a request to reopen her prior DIB application. Krizan requested a review of that ruling, which was denied by the Appeals Council on January 21, 1998, and as a result the ALJ's dismissal stands as the Commissioner's final decision on Krizan's second application for DIB. Krizan's complaint seeks judicial review of this decision.

### DISCUSSION

■ Judicial review under 42 U.S.C. § 405(g) is limited to circumstances where the Commissioner renders a final decision. *See Johnson v. Sullivan,* 936 F.2d 974, 975 (7th Cir.1991); *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) (narrowly construing § 405(g) to authorize federal courts to review only final decisions made after a hearing). Applying this limitation upon judicial review, the Magistrate ultimately determined that the district court lacked subject matter jurisdiction to review either the ALJ's dismissal of Krizan's second complaint or the ALJ's application of administrative *res judicata* because neither of these events constituted a "final decision" as contemplated by 42 U.S.C. § 405(g). *See Tolbert v. Secretary of Health and Human Services,* 537 F.Supp. 631, 632 (N.D.Ill.1982) ("Secretary's determination that a claim is barred by res judicata and his companion decision not to reopen a case are indeed not final decisions open to district court review."); *Johnson v. Sullivan,* 936 F.2d 974 (7th Cir.1991) ("A refusal to reopen or a decision to apply administrative res judicata is a discretionary one not subject to judicial review.").

However, in arriving at this conclusion, the Magistrate rejected the Commissioner's argument that the ALJ's mere assertion in the district court that *res judicata* was applied conclusively establishes that the court lacks subject matter jurisdiction to engage in judi-

cial review.[1] Instead, the Magistrate determined, citing *McGowen v. Harris*, 666 F.2d 60, 64 (4th Cir.1981), that the court has jurisdiction to determine whether *res judicata* was actually applied, and if so, whether it was proper for the ALJ to do so. *McGowen*, 666 F.2d at 64 ("the district court has jurisdiction to determine its own jurisdiction by examining the *res judicata* predicate"); *Tolbert*, 537 F.Supp. at 633 (N.D.Ill.1982) ("Courts must retain the power to determine whether application of *res judicata* is appropriate."). Under this analysis, if the court determines that *res judicata* was appropriately applied, the ALJ's decision is not reviewable since it is not a "final decision" subject to judicial review. *See Tolbert*, 537 F.Supp. at 632; *Johnson*, 936 F.2d at 976.

■ Given this background, the Magistrate utilized the two-part *McGowen* test which requires the district court to determine: (1) whether the two claims for benefits are in fact the same, and (2) whether the Commissioner actually or *de facto* reconsidered or reopened the merits of any substantive matter of the first DIB application. *Id.* at 635–36. As the Magistrate noted:

> First, the district court should determine whether the two claims for DIB are in fact the same, for if they are not, then *res judicata* cannot apply. Second, the district court must determine whether the Commissioner actually or *de facto* reconsidered or reopened the merits of any substantive matter of the first DIB application, for if he has, then jurisdiction to engage in judicial review would exist.

Magistrate's Report, p. 6. If the two claims are the same and the Commissioner failed to reconsider the merits of any substantive matter of the first application, judicial review is inappropriate. *Johnson*, 936 F.2d at 976.

After a complete and thorough review of the record, the Magistrate determined that Krizan's second application was identical to her first DIB application and the Commissioner did not reopen her first DIB application. Accordingly, the Magistrate held that the ALJ properly applied administrative *res judicata* to Krizan's second claim thereby divesting this court of subject matter jurisdiction to review her claim.

Krizan presents four objections to the Magistrate's report, all of which are interrelated and can be summarized by dividing the objections into two categories: (1) objections pertaining to factual assertions in the Magistrate's Report, and (2) objections pertaining to the legal analysis undertaken by the Magistrate. In this first category, Krizan's primary objection is that in deciding that "no tenable argument can be made on Krizan's behalf that her two DIB applications are distinct, or that the Commissioner actually or constructive[ly][sic] reopened her DIB claim," the court inappropriately decided a factual issue not asserted or argued by either party. In relation to that argument, Krizan asserts that she had no opportunity to conduct discovery and thus had no ability to contest the Commissioner's factual assertions relating to the *res judicata* issue.[2] With regard to the second category, Krizan contends that the Magistrate improperly determined the substantive issue of whether the ALJ properly applied administrative *res judicata* in Krizan's case. Objections, p. 2. With these two categories of objections set forth, the court will now undertake an examination of the merits of these arguments.

■ In deciding against Krizan on the Motion to Dismiss, the Magistrate made several

---

1. Indeed, the Commissioner's argument would have this court dismiss automatically any proceeding in which an ALJ had dismissed an application on *res judicata* grounds. However, courts have indicated that it is erroneous to "respond in a purely Pavlovian way to the Secretary's statement that res judicata applied" without first determining whether it was proper to do so. *Tolbert*, 537 F.Supp. at 633. Thus, the Magistrate's rejection of the Commissioner's argument is in line with this authority.

2. A sub-argument presented by Krizan is that the Magistrate's Report failed to include proposed findings of fact as required by Fed.R.Civ.P. 72(b). However, Rule 72(b) provides that the magistrate judge "shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact, *when appropriate*." Fed.R.Civ.P. 72(b). Because the rule provides that a magistrate judge need only include proposed findings of fact when appropriate, this is not a mandatory provision and is left to the magistrate judge's discretion.

factual determinations relating to jurisdiction to which Krizan objects. For instance, the Magistrate concluded that the record "unequivocally demonstrates that Krizan's second DIB application is the same as her first DIB application." Report, p. 6. Similarly, the Magistrate determined from the record that it "clearly demonstrates that the Commissioner did not actively or constructively reopen Krizan's claim." *Id.* at 7. Krizan objects to these factual conclusions drawn in the Magistrate's report because she contends she had no notice that a factual review would be undertaken, had no opportunity to conduct discovery, and had no opportunity to respond to these factual assertions since the Commissioner failed to assert them in his initial motion. Objections, ¶¶ 1, 4. Krizan also contends that the factual assertions go "too far in that the Commissioner's argument in support of the motion to dismiss did not address either issue and thus placed no burden upon Krizan to present such argument." Objections, ¶ 4. This court disagrees.

■ Although the Magistrate succinctly set forth the standard of review for the court upon considering a motion to dismiss for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1), the nature of Krizan's objection warrants a second review of this standard. On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff has the obligation to establish jurisdiction by competent proof, and the court may properly look to evidence beyond the pleadings in this inquiry. *See Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir.1979) ("the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof."); *see e.g. Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir.1993) (citations omitted) (courts may "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction."). When presented with evidence beyond the pleadings, the court may weigh the evidence in order to satisfy itself

that jurisdiction exists; as such, disputes over material facts will not preclude the court from deciding jurisdictional issues. *Lumpkin v. United States,* 791 F.Supp. 747, 749 (N.D.Ill.1992).

Contrary to Krizan's assertion that she had no burden to present evidence on these factual issues, the standard set forth above clearly places the burden on her to demonstrate a jurisdictional basis for her claim. Further, the aforementioned standard permits the district court to weigh evidence presented by the parties to properly determine the existence of jurisdiction. In lieu of the entire administrative record, the Commissioner submitted the declaration of Joseph W. Ponton ("Ponton")[3], summarizing the administrative record, to support his assertion of lack of jurisdiction. The Magistrate was entitled to review and weigh this evidence in determining the propriety of jurisdiction. Thus, the Magistrate's review of the record presented was entirely proper and, in fact, it was required for him to assess whether subject matter jurisdiction exists.

■ Krizan also objects to the specific conclusions drawn by the Magistrate contending that they were improper without first giving Krizan an opportunity to conduct discovery. However, the cases cited by the Magistrate hold that the district court has authority to examine the administrative record and make findings from the record for the purpose of discerning whether jurisdiction exists:

The district court is obviously free to make its independent determination, subject to appellate review, of the jurisdictional questions, including the scope of successive claims for *res judicata* purposes and whether a denied claim has been administratively reopened, without regard to any determination or assertions by the Secretary respecting those matters.

*McGowen,* 666 F.2d 60, 66; *Tolbert v. Secretary of Health and Human Services,* 537 F.Supp. 631 (N.D.Ill.1982) ("Although Secre-

---

**3.** As noted in the Magistrate's Report, Ponton is the Acting Chief of Court Case Preparation and Review Branch 2, Office of Hearings and Appeals, Social Security Administration. He is responsible for processing claims brought under Title II of the Social Security Act whenever a civil action is filed in the state of Indiana.

tary has not provided a complete copy of the administrative record, the documents supplied with his motion provide a sufficient basis for determining whether the *res judicata* findings were appropriate."). Accordingly, the Magistrate determined as a matter of law, that the record conclusively established that Krizan's second DIB application was identical to her first application and the ALJ did not reopen her first application. From this court's *de novo* review of the record, it is apparent that this court would draw the same conclusions. Thus, the court concludes that the Magistrate properly determined from the record the existence of facts which indicate subject matter jurisdiction is lacking.

■ Next the court turns to Krizan's second category of objections relating to the Magistrate's determination that *res judicata* was properly applied. Krizan contends that the Magistrate improperly determined the merits of her claim when deciding the court lacked subject matter jurisdiction. Krizan's argument in this respect is somewhat opaque. Krizan points first to the Commissioner's argument, based upon the Supreme Court's decision in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), that the ALJ's decision to apply administrative *res judicata* automatically forecloses any judicial review of the plaintiff's claim. Krizan states that because this argument is clearly foreclosed by *McGowen*, this court has subject matter jurisdiction to review her claim. Under Krizan's theory, the Magistrate's inquiry should have ceased at this point without delving any further into the substance of Krizan's claim and the motion to dismiss should therefore be denied. Further, under her theory, the remaining issue, whether *res judicata* is properly applied, is a

substantive issue related to her challenge of the denial of benefits.

■ Krizan's argument, however, misconstrues the function of the court in determining its own jurisdiction and misinterprets the holding in *McGowen*. *McGowen* clearly states that the court has jurisdiction to determine its own jurisdiction:

> [T]he district court has jurisdiction to determine, as appropriate, whether res judicata has properly been applied, or whether, though res judicata might properly have been applied, the claim has nevertheless been reopened...In this the court simply exercises its inherent jurisdiction to determine its own jurisdiction.

*McGowen*, 666 F.2d at 66. In this respect, then, Krizan is correct that this court is not completely foreclosed from hearing her claim simply because the ALJ applied administrative *res judicata*. However, while the court is not automatically precluded from reviewing Krizan's claim as the Commissioner originally argued, *McGowen* holds that the court may still be prohibited from reviewing the decision of the ALJ to deny benefits if (1) res judicata was properly applied and (2) the claim was never reopened. Contrary to Krizan's objections, these questions are jurisdictional in nature, not substantive. As such, the district court has the authority to review these issues and make findings to determine whether the case is properly before it. *McGowen*, 666 F.2d at 66. Indeed, both the *McGowen* court and the *Tolbert* courts engaged in precisely this type of jurisdictional analysis.[4] Because this is precisely the avenue taken by the Magistrate, the court concludes that the Magistrate properly addressed these issues when determining jurisdiction.

---

4. In *McGowen*, the Fourth Circuit determined that the district court properly granted the defendant's motion to dismiss for lack of subject matter jurisdiction. In concluding as it did, the court determined as a matter of law that the application of *res judicata* was proper:

> ...we hold that the district court properly dismissed the action for lack of jurisdiction to review the Secretary's denial of the claim ...
> We conclude that on the record before the district court, and without need for recourse to the full administrative record, it appeared as a matter of law that (1) the successive claims

were the same claim for res judicata purposes and (2) the original claim was not administratively reopened by considering it on the merits. *Id.* at 66. Thus, like the present case, the Fourth Circuit determined that the application of *res judicata* was a jurisdictional question, not a substantive determination relating to the review of the denial of the claim. Similarly, in *Tolbert*, the court granted the Secretary's motion to dismiss after finding the jurisdictional prerequisites of *McGowen* were not met. Again, the court treated the *McGowen* test as a jurisdictional predicate to judicial review.

### CONCLUSION

Based on the foregoing, this Court ADOPTS in full Magistrate Judge Cosbey's Report and Recommendation dismissing Krizan's complaint for lack of subject matter jurisdiction.